## Working Conditions in Tenements.

*Factory acts—Establishments—Tenements—Working conditions in tene- ments and dwelling-houses — Woman's Law — Child Labor Law — Acts of May 2, 1905, July 25, 1913, and May 13, 1915.*

1. Tenement-houses and dwelling-houses, where work is done by members of the families occupying such places, and where no persons outside of such families are therein employed, are "establishments within the meaning of the Factory Act of May 2, 1905, P. L. 352, the Women's Labor Act of July 25, 1913, P. L. 1024, and the Child Labor Act of May 13, 1915.

*Statutes—Repeal—Acts of May 5, 1897, and May 2, 1905.*

2. The Act of May 5, 1897, P. L. 42, is not repealed by the Act of May 2, 1905, P. L. 352.

Department of Justice. Opinion to Dr. Royal Meeker, Secretary of Labor and Industry.

BROWN, Dep. Att'y-Gen., March 20, 1924.—Your letter asking to be advised whether the term "establishment," as defined in certain acts of assembly, includes a tenement-house or dwelling-house where work is done by members of the families occupying such tenement or dwelling, and where no persons outside of such families are employed, has been received by this department.

The Act of May 2, 1905, P. L. 352, known as the Factory Act; the Act of July 25, 1913, P. L. 1024, known as the Woman's Law; and the Act of May 13, 1915, P. L. 286, known as the Child Labor Law, all define an "establishment" as any place where labor is employed for any compensation, to whomever payable. Farming and domestic service in private houses are exempted from the provisions of the several acts, and in the Act of 1905 coal mining is excepted.

Work done in a tenement-house or dwelling-house is subject to the provisions of the Act of May 5, 1897, P. L. 42, as amended by the Acts of April 28, 1899, P. L. 70, and May 11, 1901, P. L. 178. Attorney-General Carson, in an opinion dated May 8, 1903, answered the question you have asked, and I can do no better than to quote from that opinion:

"The Act of 1897, in specific terms, and without limitation, forbids the use of any room or apartment in any tenement or dwelling-house for the manufacture of the articles herein specified, and prohibits, further, the hiring or employment of any person to work in any room or apartment or in any part or parts of buildings used for the purposes aforesaid without first obtaining a written permit from the factory inspector or one of his deputies, which permit must state the maximum number of persons allowed to be employed therein; and, further, that the building, or part of building, to be used for such work or business is thoroughly clean, sanitary and fit for occupancy for such work or business.

"The question, therefore, whether such room or apartment in any tenement or dwelling-house is or is not used by the immediate members of a family does not arise, and I am of opinion that before such room or apartment in any tenement or dwelling-house can be used for the purpose of manufacturing the article designated, and before there can be any hiring or employment of any person to work in such room or apartment, there must be first obtained a written permit from you, as factory inspector, or from one of your deputies, specifically stating the matters already designated as necessary to be shown as to the number of persons allowed to be employed therein, and as to the sanitary condition and fitness of such apartment for occupancy for such work or business. In other words, under the Act of 1897, permits must be granted to applicants, whether connected with the immediate family or not. The duty

on the part of all persons engaged in such manufacture to obtain from you such permit, before either manufacturing themselves or hiring others to manufacture for them, must be complied with, entirely irrespective of the question as to whether they are or are not immediate members of the family living in such room or apartment. I instruct you, therefore, that, under the Act of May 5, 1897, it is your duty, if requested, to issue permits for the uses designated in the act, entirely irrespective of the question as to whether the applicants are or are not immediate members of the family living in the apartment sought to be used. I add further, that there can be no use of any apartment for manufacturing purposes without a permit, and that inspection must precede the granting of a permit. . . .

"Under this law, I am of opinion that the apartments in any tenement or dwelling-house, used or proposed to be used for the manufacture of the articles designated in the Act of May 5, 1897, are manufacturing establishments within the meaning of the Act of May 11, 1901."

The Act of May 2, 1905, P. L. 352, takes up the subject of home work, and it specifically defines what the term "establishment" shall mean, and it brings tenement-houses and dwelling-houses where work is done by members of the families occupying such houses within its definition.

You are, therefore, advised that tenement-houses and dwelling-houses, where work is done by members of the families occupying such places, are included in the term "establishment," as defined in the acts referred to.

It has never been held by any of our courts that the Act of May 2, 1905, repeals the Act of May 5, 1897, and I am of opinion, after a careful reading of both acts, that the Act of 1897 is not repealed, but is supplemented by the Act of 1905.

From C. P. Addams, Harrisburg, Pa.